# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **KAREN BRANDENBURG ECKMAN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO:** |
| | § | |
| **DIXIE HOUSE CAFÉ, INC.** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Karen Brandenburg Eckman ("Eckman" or "Plaintiff") presents this Original Complaint against Defendant, Dixie House Café, Inc. ("Defendant") and for causes of action would show the Court as follows:

### I.

### INTRODUCTION

1. Plaintiff brings this action for sex discrimination, harassment and retaliation under Title VII and Chapter 21 of the Texas Labor Code.

### II.

### PARTIES

2. Plaintiff is a citizen and resident of the State of Texas and resides at 5909 County Road, 915 Joshua, TX 76058. Plaintiff may also be reached through her undersigned counsel.

3. Defendant Dixie House Cafe, Inc. is a for profit corporation located at 900 Airport Freeway, Hurst TX 76054 and may be served through its registered agent, Gaylon Dale Simon, at 5401 S. Hulen St. Fort Worth, TX 76132 or wherever found.

## III.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and pendant and supplemental jurisdiction of the common law claims.

5. Venue for all causes of actions stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391. This Court also has pendent jurisdiction over state law claims.

6. Plaintiff Timely filed her charge of discrimination before the EEOC and Texas workforce Commission on April 27, 2022. On March 1, 2023, the EEOC issued a Notice of right to Sue. The instant complaint is being filed within 90 days of Plaintiff's receipt thereof and subsequent delivery to her legal counsel.

## IV.

## FACTUAL ALLEGATIONS

7. Plaintiff, a white female worked for Defendant from July 2019 as a server earning $15.00 per hour until her summary termination on November 12, 2021.

8. From the outset of her employment, Plaintiff was repeatedly harassed by the cooks in Defendant's the kitchen, all of whom are men. The cooks addressed Plaintiff with the following language:

"show us your tits"

"is your pussy pink?"

"you're a stupid ignorant white girl"

"Puta" (which means prostitute)

"F…ing b..ch"

"You just bend down and it made me want to throw up."

9. When Plaintiff refused to engage in these conversations, they would delay her food orders, making it difficult for her to provide good service to the customers and negatively affecting her tips, which were a substantial part of her income.

10. In addition to the verbal harassment, the same cooks physically harassed Plaintiff. One of the cooks threw hot gravy and hot food at her across the serving window. Another cook, ("Lalo") slapped her on her back and her bottom with a folded cardboard box.

11. On yet another occasion, another cook ("Juan E") made an offensive gesture in front of Plaintiff by taking a roll of hamburger meat and holding it near his groin as though it were a penis.

12. All of these events occurred in the workplace and during working hours. Plaintiff reported their unwelcome behavior to her managers, Sheila Lopez ("Lopez") and Laura Vagley (Vagley"). Lopez was supportive of Plaintiff and reported her concerns to the owner, Dale Simon.

13. The next day following her complaint to management, Defendant's owner, Dale Simon terminated Plaintiff's employment   That same day, Lopez resigned in protest.

14. After her complaints of the sexually hostile work environment, Theresa Simon, the owner's wife came to the café and initiated a verbal argument with Plaintiff. Plaintiff believes and therefore asserts that Ms. Simon's arrival to the Café was prompted by her learning of Plaintiff's complaint of sexual harassment in the workplace.

## V.

### FIRST COUNT

**SEXUAL HARASSMENT IN VIOLATION OF TITLE VII,
42 U.S.C. § 2000(E) ET SEQ. AND CHAPTER 21 OF THE TEXAS LABOR CODE**

15. The foregoing paragraphs of this Complaint are incorporated in this count as fully

as if set forth at length herein.

16. Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f) Title VII and Chapter 21 of the Texas Labor Code. belongs to a class protected under the statute, namely females.

17. Defendant is an employer within the meaning of 42 U.S.C. § 2000e(d) Title VII because they both employ more than fifteen employees.

18. Defendant is also an employer within the meaning of Chapter 21 of the Texas Labor Code.

19. Defendant intentionally allowed Plaintiff to work in a sexually hostile work environment and be harassed by her co-workers because of her sex in violation of Title VII and Chapter 21 of the Texas Labor Code.

20. Following Plaintiff's reports of sexual harassment, she was adversely treated and ultimately terminated.

21. Despite these findings, Defendant made no attempt to recall the Plaintiff and stood by its decision to terminate her employment in retaliation for her protected activity.

22. Plaintiff has timely filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Texas Workforce Commission and has timely filed suit against Defendant within 90 days of her receipt of the Notice of right to Sue.

23. As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following injuries and damages:

    a. Plaintiff suffered mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages; and

    b. Plaintiff suffered lost wages and related benefits.

24. Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, U.S.C. §2000e-5(k).

25. Defendant violated Title VII and Chapter 21 of the Texas Labor Code by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's sex. Plaintiff was subjected to a continuous course of harassment and worked in a sexually hostile environment.

26. Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages.

27. Defendant also retaliated against the plaintiff for her protective activities and is therefore liable for the same damages outlined in Paragraph 24.

## SECOND COUNT

## UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII

## AND CHAPTER 21 OF THE TEXAS LABOR CODE

28. The foregoing paragraphs are incorporated herein as though fully set forth.

29. Plaintiff was an "eligible employee," as that term is defined in 29 U.S.C. §2611(2)(A). Plaintiff was employed by Defendants for at least 12 months and had worked at least 1,250 hours during the 12-month period preceding his request for FMLA leave.

30. Defendant is a "covered employer" as that term is defined in 29 U.S.C. §2611(4)(A)(I).

31. Defendant was engaged in commerce and employed 15 or more employees for each

working day during each of 20 or more calendar workweeks in 2020 and 2021.

32. Plaintiff, by reporting the sexual harassment and sexually hostile work environment was engaged in protective activity that is protected under title 7 and chapter 21 of the Texas Labor Code.

33. Defendant upon receipt of Plaintiff's complaint retaliated against Plaintiff by failing to take any steps to eliminate the hostile working conditions and further retaliated against Plaintiff by terminating her employment for no apparent reason other than her protected activity.

34. Defendant unlawfully retaliated against plaintiff for her protected activity in violation of title 7 and chapter 21 of the Texas Labor Code.

35. In addition, Plaintiff has had to retain the undersigned attorney to prosecute these claims. Plaintiff therefore seeks to recover his attorneys' fees and court costs, as well as pre-judgment and post-judgment interest, as permitted.

## THIRD COUNT

## DEMAND FOR ATTORNEY'S FEES

36. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth at length verbatim.

37. The preparation and filing of this Complaint has necessitated the hiring of attorneys. Plaintiff seeks to recover reasonable and necessary attorneys' fees.

## JURY TRIAL DEMANDED

38. Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover and the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2) Judgment for back pay and front pay as allowed by law;

(3) Damages for past and future mental anguish, emotional distress, and physical distress;

(4) Exemplary damages in an amount to be determined by the trier of fact;

(5) Prejudgment and Post-judgment at the maximum legal rate;

(6) All costs of court;

(7) Attorneys' fees; and

(8) Such other and further relief to which Plaintiffs may be justly entitled.

Date: April 24, 2023.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: /s/ Nicholas A O'Kelly

Nicholas A O'Kelly
State Bar No. 15241235
3141 Hood St. Ste 500
Dallas, Texas 75219
(214) 379-0827 - Telephone
(214) 953-0133 - Telecopier
email: nao@kilgorelaw.com

**ATTORNEY FOR PLAINTIFF
KAREN BRANDENBURG ECKMAN**